IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEN (HWA YU) ZHANG, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 21-cv-04655-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS OR SUMMARILY DENY PETITION TO QUASH IRS SUMMONS AND TO ENFORCE IRS SUMMONS** |

Petitioners and Canadian citizens Jen (Hua Yu) Zhang and Charles (Zhi Yu) Zhang (together, Petitioners) petitioned to quash a third-party summons ("the Summons") that the Internal Revenue Service ("IRS") issued to Wells Fargo Bank. See generally Pet. (dkt. 1). The government responded by filing a Motion to Dismiss or Summarily Deny the Petition to Quash IRS Summons and to Enforce IRS Summons. Mot. (dkt. 21). Petitioners oppose the motion. See Opp'n (dkt. 23). Because the Summons is proper, the Court GRANTS the government's motion.

**I.     BACKGROUND**

On April 22, 2021, the IRS issued a third-party Summons to Wells Fargo requesting Petitioners' bank records from January 1, 2011 through December 31, 2018. Pet. ¶ 5 (citing Summons (dkt. 1-1)). The Summons requires Wells Fargo Bank to supply documents and records regarding Petitioners in connection with the "Canadian Income Tax and Wealth tax liabilities" of Petitioners, including:

> (1) account opening documents (regardless of date), (2) account signature cards (regardless of date), (3) Know-Your-Customer and Customer Due Diligence records, as required to be collected and maintained under the law (regardless of date); (4) monthly account statements; (5) cancelled checks (front and back), deposit slips, and

>deposited items (front and back); wire transfer authorizations and confirmations, cashier's checks, money orders, and all other deposit or withdrawal documents. The preceding may be limited to transaction over US$500; (6) loan application, promissory notes, and letters of credit (regardless of date).

Summons at 4.  The Summons lists three possible account numbers and defines the terms "account" as "all transactions between you and the Taxpayers, such as private banking accounts or activities, the purchase of certificates of deposit, or the leasing of a safe deposit box, regardless of whether you consider such arrangements to constitute an account." Id.

The IRS's Office of Exchange and Offshore Strategy issued the Summons pursuant to Article 27 of the Convention between the United States and Canada with Respect to Taxes on Income and on Capital ("the Convention" or "the Treaty"). Pet. ¶ 6. The IRS had received a letter requesting information ("EOI Request") from the Canadian Competent Authority on March 6, 2020. Masuda Decl. (dkt. 21-1) ¶ 3. That EOI Request states that Canadian tax authorities are investigating Petitioners regarding potential tax liabilities and seeks information on their financial accounts held in the United States, including bank statements and similar records relevant to 2010 through 2018 from Wells Fargo. Id. ¶ 6. The EOI Request states that Petitioners were tax residents of Canada, and that the information sought is necessary to determine and verify assets, liabilities, and personal expenditures to perform a "Net Worth" calculation that will help them determine the correct amount of income tax and whether Petitioners reported the appropriate amount of taxable income form tax periods between 2010 and 2018. Id. ¶¶ 7, 9.

Tina Masuda, Program Manager of the IRS's Exchange of Information Office, reviewed the EOI Request and determined that it was proper and consistent with the Treaty. Id. ¶ 12. She assigned the matter to Tax Law Specialist Richard Marshall, who reviewed the EOI Request and confirmed that it was from a Competent Authority, was covered by the Treaty, and related to a tax matter in Canada. Marshall Decl. (dkt. 21-2) ¶ 3. He also confirmed that "although this is a Canadian criminal investigation case, this case has not been referred to the Public Prosecution Service of Canada for prosecution." Id.

Marshall issued the IRS Summons on April 22, 2021, and served the Summons on Wells Fargo via certified mail. Id. ¶¶ 4–5. He gave notice of the Summons to Petitioners on April 23,

2

2021 via registered mail to their last known address. Id. ¶ 6. After the Petition was filed in this case, Marshall confirmed with Canadian tax authorities that there is a continuing need for the information in the EOI Request, and that the statute of limitations remains open for the tax periods covered by the EOI Request. Id. ¶¶ 9–10. There is no Justice Department referral in this case. Id. ¶ 12; see also 26 U.S.C. § 7602(d)(2).

Petitioners allege that they are targets of a criminal investigation in Canada, conducted by the Canadian Border Services Agency (CBSA) related to a proceeding pending before the Canadian International Trade Tribunal since October 29, 2018. Pet. ¶ 13. CBSA and Canada Customs and Revenue Authority (CCRA) have issued a warrant and seized property belonging to Petitioners. Id. ¶ 14. Petitioners allege that they are unaware of any civil investigation of their income tax liabilities in Canada but are aware of the ongoing criminal matters. Id. at ¶ 21.

Petitioners seek to quash the Summons, see Pet., and the government has moved to dismiss the Petition, see Mot.

## II.     LEGAL STANDARD

The IRS has authority to examine books and witnesses pursuant to a summons. 26 U.S.C. § 7602(a). "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." 26 U.S.C. § 7604.

Section 7609(b)(2)(A) permits the taxpayer identified in a summons served on a third party recordkeeper to petition to quash the summons. See Crystal v. United States, 172 F.3d 1141, 1143 (9th Cir. 1999). To defeat a petitioner's motion to quash, the government must show that "(1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code." Id. at 1143–44 (citing United States v. Powell, 379 U.S. 48, at 57–58 (1964)). The same test applies where the IRS issues a summons at the request of a tax treaty partner. See United States v. Stuart, 489 U.S.

3

353, 370 (1989). In such case, the IRS need not establish the good faith of the requesting nation. "So long as the IRS itself acts in good faith [under Powell] . . . and complies with applicable statutes, it is entitled to enforcement of its summons." Id.

"The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met." United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993). "The burden is minimal because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." Crystal, 172 F.3d at 1144 (internal quotation omitted). Once the Government meets its initial burden, the burden shifts to the respondent. Id. "[T]hose opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS]. . . . [T]his burden is a heavy one." Id. at 1144 (internal quotation omitted).

## III. DISCUSSION

### A. Jurisdiction

As an initial matter, 26 U.S.C. § 7609(b)(2) provides that a taxpayer may file a petition to quash a summons served on a third-party recordkeeper "not later than the 20th day after the day such notice is given. . . ." While the government initially argued that Petitioners were late in filing their Petition, thus stripping the Court of jurisdiction, see Mot. at 6–7, the government agreed at the motion hearing that equitable tolling applies, and that the Court therefore has jurisdiction. The Court agrees. See McIndoo v. United States, No. SA MC 15-0019-JLS (DFMx), 2016 WL 1597107, at *2 (C.D. Cal. Jan. 12, 2016).

### B. The Government's Burden

The Court turns next to the merits of the dispute.

To obtain enforcement of a summons, the IRS need only demonstrate "good faith" in issuing the summons. The IRS's prima facie showing of good faith is based on the four-part test formulated in Powell, that: "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3) the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed." See Lidas, Inc. v. U.S., 238 F.3d 1076, 1082 (9th Cir. 2001) (citation

omitted).[1]  "Courts have consistently recognized that declarations or affidavits by IRS directors or agents generally satisfy the Powell requirements." Id.

The declarations of Masuda and Marshall meet the government's burden.

First, the IRS issued the Summons for a legitimate purpose. Masuda reviewed the EOI Request and determined that it was proper and consistent with the Treaty. Masuda Decl. ¶ 12. Complying with a treaty partner's proper request is a legitimate purpose. See Mazurek v. United States, 271 F.3d 226, 230 (5th Cir. 2001). Second, the information covered by the Summons is relevant to the Canadian tax authority's investigation. The EOI Request states that the information sought is necessary to perform a "Net Worth" calculation that will assist the Competent Authority of Canada to determine the correct amount of income tax and whether Petitioners reported the appropriate amount of taxable income for 2010 through 2018. Masuda Decl. ¶ 9. The EOI Request states that Petitioners own bank accounts at Wells Fargo; information about their Wells Fargo accounts "might throw light upon" Petitioners' tax liabilities for 2010 to 2018. See id. ¶ 6; United States v. Arthur Young & Co., 465 U.S. 805, 813 (1984) (standard is potential relevance).

Third, the information sought by the Summons is not already in the possession of the Canadian tax authorities, see Marshall Decl. ¶ 9, and although Wells Fargo has provided the information to the IRS electronically, no one at the IRS has yet accessed the information, id. ¶ 13. And fourth, the IRS appears to have followed the necessary administrative steps. The IRS issued and served the Summons on Wells Fargo as provided under 26 U.S.C. § 7602, see Marshall Decl. ¶8. And no Department of Justice referral is in effect. See id. ¶ 12; 26 U.S.C. § 7602(d).

The government has met its minimal burden. Indeed, Petitioners concede this in their opposition brief. See Opp'n at 7.

### C.  Petitioners' Burden

The burden now shifts to the respondent "to disprove the actual existence of a valid civil tax determination or collection purpose by the [IRS]. . . . [T]his burden is a heavy one." Crystal, 172 F.3d at 1144.

---

[1] Petitioners argue that "the Court [in Lidas] did not hold that simply establishing a prima facie case under Powell is the end of the analysis," Opp'n at 12, but no one disputes that point.

Petitioners argue that the IRS acts in bad faith "if it pursues a summons enforcement after having already decided to make a recommendation for prosecution to the United States Attorney's Office." Pet. ¶¶ 12–13. But there has been no DOJ referral. Marshall ¶ 12. And Canada has not referred the case for prosecution. Id. ¶ 3.

Petitioners also argue that "the Summons was issued to assist Canadian officials in improperly obtaining information through administrative means in furtherance of a criminal investigation" and that "it is clear that under Canadian law, when an investigation is of a criminal matter, investigators are not permitted to use administrative 'requirement letters.'" Opp'n at 7. But it is not the IRS's job to establish Canada's good faith. See Lidas, 238 F.3d at 1082 ("So long as the IRS itself acts in good faith [under Powell] . . . and complies with applicable statutes, it is entitled to enforcement of its summons."). And it is not this Court's job to interpret Canadian law. See Mazurek, 271 F.3d at 231–32 ("[r]equiring district courts and the IRS to look into the good faith of the requesting country's investigation would . . . unwisely necessitate an inquiry into the propriety of the [foreign tax authority's] actions under [foreign] law."); see also id. at 231 ("The problem . . . is that Mazurek focuses on the legitimacy of the [French] investigation, not on the legitimacy of the IRS's compliance with the [French] request. Yet, to rebut the Powell requirement, Mazurek must show that the IRS is acting in bad faith.").

A Supreme Court case is directly on point. In Stuart, 489 U.S. at 356, Canadian citizens petitioned for an order quashing IRS summonses issued at the request of the Canadian government. The Court held that the IRS need not first "determine that the Canadian tax investigation has not reached a stage analogous to a domestic tax investigation's referral to the Justice Department from criminal prosecution" before issuing a summons at the Canadian government's request. Id. at 355–56. The Court explained that "[s]o long as the summons meets statutory requirements and is issued in good faith, as we defined that term in [Powell], compliance is required, whether or not the Canadian tax investigation is directed toward criminal prosecution under Canadian law." Id. at 356.

Petitioners suggest that Stuart is distinguishable because the Court there held that "respondents nowhere alleged that the IRS was trying to use the District Court's process for some

improper purpose" nor that there was abuse of process. Opp'n at 11 (citing Stuart, 489 U.S. at 360–61). But, as in Stuart, Petitioners here do not allege that the IRS is engaging in abuse of process; they allege that Canada is. See Opp'n at 9 ("The enforcement of the Summons would be to tacitly bless Canada's circumvention of its own laws."). Moreover, in Stuart, the Supreme Court overruled the Ninth Circuit's holding that "the IRS acts in good faith in complying with a request for information under the 1942 Convention only when Canadian authorities act in good faith in seeking IRS assistance." Stuart, 489 U.S. at 358. So the good or bad faith of the Canadian government was at issue in Stuart. The Ninth Circuit opinion makes that clear: the court noted that "According to the taxpayers, the summonses were not issued in good faith because their purpose was improper: to aid Revenue Canada in its 'criminal investigation, preliminary stage.'" See Stuart v. United States, 813 F.2d 243, 248 (9th Cir. 1987), reversed by Stuart, 489 U.S. 353.

As in Stuart, while Petitioners are convinced that the Canadian government is up to no good, see Opp'n at 7–8, the Court's focus is whether the IRS is acting in good faith. It appears to be doing so. See Masura Decl., Marshall Decl.

Petitioners additionally argue that the Summons is "overly broad and part of an impermissible fishing expedition." Pet. ¶ 9.[2] But a summons need only describe "the requested documents in enough detail to inform [the summoned party] of exactly what he was to produce." United States v. Abrahams, 905 F.2d 1276, 1282 (9th Cir. 1990), overruled on other grounds by United States v. Jose, 131 F.3d 1325 (9th Cir. 1997). The Summons here did that. See Summons at 4. The argument that the Summons is an impermissible fishing expedition is also unpersuasive: "the answer to the claim that the Government is engaged in a fishing expedition is without merit. Sec. 7602 authorizes the Secretary or his delegate 'to fish.'" United States v. Luther, 481 F.2d 429, 432 (9th Cir. 1973).

Petitioners last argue that the Summons is an improper "attempt to pressure Petitioners to settle collateral issues," Mot. ¶ 9,[3] but that is also unavailing. While district courts may inquire into the underlying reasons for the examination to determine abuse of process—"[s]uch an abuse

---

[2] They do not raise this argument again in their opposition brief.
[3] They do not raise this argument again in their opposition brief.

would take place if the summons has been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute. . . .," Powell, 379 U.S. at 58—the burden is on the petitioners to show an abuse of process. Id. Petitioners fail to allege specific facts or evidence to supporting their claim that the Summons is improper.

Petitioners have not met their heavy burden.

### D.  Evidentiary Hearing and Discovery

Finally, Petitioners request an evidentiary hearing and limited discovery on the issues raised in their Petition. Pet. ¶¶22–23. But "respondent should be required to do more than allege an improper purpose before discovery is ordered in a proceeding of this type." United States v. Church of Scientology of California, 520 F.2d 818, 824 (9th Cir. 1975). Petitioners must make a factual showing that gives rise to a "plausible inference of improper motive." United States v. Clarke, 273 U.S. 248, 254 (2014). "Naked allegations of improper purpose are not enough." Id.

Petitioners have not done more than nakedly allege an improper purpose. Indeed, they make no allegations that the IRS has acted with an improper purposes, which is the relevant inquiry, see Lidas, 238 F.3d at 1082, and argue instead that the Canadian government is violating its own laws, see Opp'n at 7–9. The Court need not have an evidentiary hearing about the proper interpretation of Canadian law.

The Court denies an evidentiary hearing and discovery.

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the motion and DISMISSES the Petition.

**IT IS SO ORDERED.**

Dated: October 28___, 2021

                                                                                    _____
                                                                                    CHARLES R. BREYER
                                                                                    United States District Judge